(C.D. 2751)

NOVELTY IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 30, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

Before DONLON, RICHARDSON, and LANDIS, Judges

LANDIS, Judge: Counsel have submitted the protests recited in schedule "A," attached to and made a part of this decision and of the judgment, on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "S", and checked RS (Examiner's initials) by Examiner Rubin Sokoloff (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, assessed with duty at various rates as tableware, under the provisions of paragraph 212, Tariff Act of 1930, as modified, according to the dates of entry of the merchandise, and claimed to be properly classifiable under the same paragraph as decorated or ornamented chinaware other than tableware, consist of chinaware cups and saucers which are not, in fact, chiefly used as tableware, but are chiefly used as souvenir articles, and which do not contain 25 per centum or more of calcined bone.

That the protests are limited to the items marked with the letter "S", as aforesaid, and to the claim that such articles are properly classifiable as decorated or ornamented chinaware other than tableware, under paragraph 212, Tariff Act of 1930, or as modified, and abandoned as to all other items and all other claims, and that the protests be deemed submitted on this stipulation.

Accepting the stipulation as a statement of facts, we find and hold, as alleged by the plaintiff, the items of merchandise, marked "S" and initialed RS by Examiner Rubin Sokoloff on the invoices, to be properly dutiable as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone, under paragraph 212 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877), at the rate of 45 per centum ad valorem.

To the extent indicated, the specified claim in these suits is sustained. All other claims as to all other merchandise, having been abandoned, are dismissed.

Judgment will be rendered accordingly.